On the Merits.
The basis of the extrajudicial partition was a statement of the assets and liabilities of the community which was sent to the plaintiff then residing out of the state. She alleges that she complained of the partition and accepted the money under protest, but her own letters show (to quote the trial judge) “that she accepted first and protested afterwards.”
The allegation that valuable assets were omitted from the inventory is not established by the evidence, except as to some furniture and household effects and an iron safe, which the judgment below ordered to be partitioned.
Plaintiff failed to prove that the real estate inventoried was undervalued, and the evidence showed that the fixtures in the *221 store were appraised as a part of the realty.
Plaintiff alleged that the defendant “had placed npon said statement as debts doe by said community debts which had been paid and extinguished before the rendition of the decree dissolving the community,” and that the sum of $60 and $200, appearing on said statement as money advanced to petitioner, was in fact money drawn by her before the rendition of said decree of dissolution, and therefore could not be charged to petitioner in said extrajudicial settlement. The petition does not charge that any of the debts on the statement were fictitious, but that some were paid anterior to the dissolution of the community by the judgment of separation, and therefore were not chargeable to her as one of the partners. The same contention is made as to the money advanced to plaintiff between the date of the suit and the date of the judgment.
The voluntary partition was made on the basis of the assets and of the liabilities as they existed at the date of the filing of the suit. The evidence does not show what were the assets and liabilities of the community at the date of the judgment of separation. The evidence merely tends to show that several of the debts were paid a few days before the judgment was rendered. Plaintiff’s contention is manifestly inconsistent and unjust, as she seeks to charge the defendant with all the property of the community as of date of the filing of the suit and at the same time deny him credit for community debts paid by him between said date and the date of the rendition of the judgment of separation from bed and board. Whether the basis for the voluntary partition adopted by consent of the parties was right or wrong from a legal standpoint, the evidence does not show that the plaintiff was thereby prejudiced. Non constat that she would have received more had the partition been made as of date of the judgment. The payment of the debts of the community must have pro tanto diminished the assets of the community.
The district judge, in an able and well-considered opinion, held that judgment, quoad the separation of property, retroaeted as far back as the day on which the petition was filed; that this was the rule as to the wife (Rev. Civ. Code, arts. 2432, 150, 155; Williams v. Goss, 43 La. Ann. 870, 9 South. 750); and that there is no good reason why the rule should be different when the suit for a separation or divorce has been instituted by the husband. There is much force in the reasoning of our learned Brother, but we do not think that it is necessary to decide the point in the instant ease, because, first, the parties had the right to adopt such basis of settlement as they chose, and, second, because it is not shown that the basis adopted was prejudicial to the plaintiff. The plaintiff, alleging, was bound to prove, lesion of more than one-fourth part of the value of the property. Civ. Code, art. 1398.
The contention of plaintiff that one of the liabilities on the statement which was made the basis of the partition was fictitious or nonexistent, is ultra petitum, was not raised in the court below, and is not sufficiently sustained by the evidence of a single witness, which on this point is confused and was probably not correctly taken down by the stenographer.
There can be no real dispute as to existence of a mortgage indebtedness.
The testimony of the plaintiff was taken under commission, but was ruled out, because the order issued without affidavit of materiality as is required in the case of an ordinary witness. It is contended by plaintiff’s counsel that this rule does not apply to a party to the suit. We have considered the testimony of the plaintiff; and finding nothing therein that would change the result of this litigation, we do not deem it necessary to pass on the question presented.
*223 It is therefore ordered that the judgment below be affirmed, and that the plaintiff and appellant pay the costs of this appeal.